JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Jacob Kingsbury

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JACOB KINGSBURY, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1)  DISCRIMINATION (N.R.S. § 613.330);** |
| LEVITON MANUFACTURING CO., a Delaware corporation; LEVITON MANUFACTURING CO., INC., a Delaware corporation, | **(2)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendants. | **(3)  RETALIATION (N.R.S. § 613.340);** |
| | **(4)  RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(5)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);** |
| | **(6)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));** |
| | **(7)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Jacob Kingsbury ("Plaintiff" or "Mr. Kingsbury") alleges as follows:

### JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* and 42 U.S.C. § 12203 *et seq.* The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

### NATURE OF THE ACTION

4.     Mr. Kingsbury began working for Leviton as a Material Handler on or about March 24, 2025. On or about April 3, 2025, Mr. Kingsbury disclosed his shoulder disability and requested reasonable accommodation. On or about April 4, 2025, HR informed Mr. Kingsbury that he had become "a liability to the company" due to his disability. Leviton terminated Mr. Kingsbury's employment on an explicitly illegal basis, citing his disability as the reason for termination. The termination occurred immediately after his accommodation request without any interactive process or accommodation analysis. Defendants' actions constitute discrimination, retaliation, and failure to accommodate in violation of disability protection laws.

### PARTIES

5.     Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

6.     Defendant Leviton Manufacturing Co. is a Delaware corporation that conducts business in Washoe County.

7.     Defendant Leviton Manufacturing Co., Inc. is a Delaware corporation that conducts business in Washoe County.

8.     Defendants Leviton Manufacturing Co., Inc. and Leviton Manufacturing Co. will hereafter be collectively referred to as "Leviton."

///

-2-
COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

9. On or about March 12, 2025, Leviton offered Mr. Kingsbury employment as a Warehouse 1 Second Shift Material Handler at their Sparks, Nevada facility.

10. In or around 2020, Mr. Kingsbury sustained a shoulder injury while employed with a previous employer.

11. On or about March 24, 2025, Mr. Kingsbury began working for Leviton as a Material Handler, performing duties including clearing lines of boxes, palletizing orders, handling orders, and various warehouse projects.

12. On or about April 3, 2025, Mr. Kingsbury's supervisor, Mike, assigned him to truck loading duties, which caused Mr. Kingsbury to experience shoulder pain similar to his original injury.

13. That same day, Mr. Kingsbury informed his supervisor Mike that due to his previous work-related shoulder injury, he could not perform truck loading duties but was willing and able to perform other warehouse tasks, thereby requesting reasonable accommodation for his known disability. Mike agreed to reassign Mr. Kingsbury to palletizing orders and other tasks.

14. On or about April 4, 2025, before Mr. Kingsbury could clock into work, he was called into the HR office for a meeting with an unnamed female HR representative and his supervisor Mike.

15. On or about April 4, 2025, during the HR meeting, the HR representative stated she had spoken with corporate and informed Mr. Kingsbury that "due to the nature of his job they could not provide him with accommodations," and that because of his shoulder disability, he has become a "liability to the company" and that his employment was terminated.  Mr. Kingsbury complained about the failure to engage in an interactive process, and attempted to start the same, but Leviton summarily refused to do so.

16. *Summary of Plaintiff's Protected Statuses and Activity*: At all relevant times, Mr. Kingsbury had a shoulder disability resulting from a work-related injury sustained in 2020. Mr. Kingsbury engaged in protected activity by disclosing his shoulder disability to his supervisor, requesting reasonable accommodation, and complaining about Leviton's failure to engage in an

-3-

interactive process.

17.    On August 31, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On September 3, 2025, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19.    *Reckless Indifference and Conscious Disregard*: Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20.    *Malice*: The conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. was committed with malice, including that (a) Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Fraud:* In addition, and/or alternatively, the conduct of Defendants Leviton

-4-

Manufacturing Co. and Leviton Manufacturing Co. Inc., as alleged, was fraudulent, including that Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

23.    Further, Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

### FIRST CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

24.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25.    Plaintiff was employed by Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

26.    The acts and omissions of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., as more fully set forth herein, constituted discrimination on the bases of a protected status or statuses within the meaning of N.R.S. § 613.330.

27.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

28.    Plaintiff charges that Defendants Leviton Manufacturing Co. and Leviton

COMPLAINT FOR DAMAGES

Manufacturing Co. Inc. discriminated against the Plaintiff based on his protected status or statuses.

29. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

30. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

31. The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., and to make an example of and deter Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

32. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

34. Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

35. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

COMPLAINT FOR DAMAGES

36.     Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

37.     Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

38.     The discriminatory acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

39.     The discriminatory acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

40.     The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., and to make an example of and deter Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. from engaging in such conduct in the future.

41.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

-7-
COMPLAINT FOR DAMAGES

**THIRD CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

42.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

43.    Plaintiff was employed by Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc..

44.    Plaintiff engaged in protected activity.

45.    Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. was aware of Plaintiff's protected activity.

46.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

47.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

48.    The conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

49.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., and to make an example of and deter Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. from engaging in such conduct in the future.

50.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

-8-

COMPLAINT FOR DAMAGES

to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

51.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

53.    Plaintiff was an "employee" of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., as defined by 42 U.S.C. § 12111(4).

54.    Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

55.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

56.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

57.    The conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

58.    The conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost

earnings, salary, and other employment benefits, in an amount according to proof at trial.

59. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

60. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

61. Plaintiff was employed by Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., as defined by N.R.S. § 613.310.

62. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

63. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

64. Plaintiff requested reasonable accommodation for his disability.

65. Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. failed to provide reasonable accommodation for Plaintiff's disability.

66. The failure of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

67. The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

68. The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co.

-10-

COMPLAINT FOR DAMAGES

Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., and to make an example of and deter Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. from engaging in such conduct in the future.

69. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### SIXTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

70. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

71. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

72. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

73. Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

74. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

75. Plaintiff requested reasonable accommodation for his disability.

76. Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. failed to provide reasonable accommodation for Plaintiff's disability.

77. The failure of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. to provide reasonable accommodation constitutes a violation of the ADA, which makes it

unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

78.     The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

79.     The acts of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc., and to make an example of and deter Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. from engaging in such conduct in the future.

80.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

81.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**Intentional Infliction of Emotional Distress**

**(Plaintiff Jacob Kingsbury against Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc.)**

82.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

83.     By its actions described hereinabove, Defendants Leviton Manufacturing Co. and

-12-
COMPLAINT FOR DAMAGES

Leviton Manufacturing Co. Inc. intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

84.     The conduct of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

85.     The actions of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendants Leviton Manufacturing Co. and Leviton Manufacturing Co. Inc. were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

86.     Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-13-
COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.     Emotional distress damages;

3.     Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.     For an award of reasonable attorneys' fees and costs incurred in this action;

5.     For pre-judgment and post-judgment interest, as provided by law; and

6.     For other and further relief as the Court may deem just and proper.


DATED: September 23, 2025          GREENBERG GROSS LLP



                                         By:   */s/ Jemma E. Dunn*
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               Michael A. Burnette

                                               Attorneys for Plaintiff
                                               Jacob Kingsbury

-14-
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff Jacob Kingsbury hereby demands a jury trial.


DATED: September 23, 2025              GREENBERG GROSS LLP



                                      By:   */s/ Jemma E. Dunn*
                                            Jemma E. Dunn
                                            Matthew T. Hale
                                            Michael A. Burnette

                                            Attorneys for Plaintiff
                                            Jacob Kingsbury

-15-

COMPLAINT FOR DAMAGES